Cateon ch. .7.
delivered the opinion-of the court.
The penalty sued .for, is sought to be recovered by force of the eleventh section of the act of 1777, chap. 23, which prescribes, “that all millers shall keep in their mills a half bushel and peck, at full measure, and'also proper toll-dishes for each measure; and every owner keeping a mill, who shall be lawfully convicted of keeping false toll-dishes, contrary to the intent and meaning of the act, shall forfeit and pay to the party injured, twelve dollars and a half, to be recovered before any justice of the peace, of the county, where the offence is committed.” The previous section prohibits the miller from taking “more than one eighth of the corn and wheat for grinding, and one fourteenth for chopping gruin of any kind.”
This cause was brought into the circuit court by the defendant, Rice, by appeal from the justice’s conviction, when it was moved to quash the warrant, because it did not give a description of the offence according to the statute, or conclude contrary to the form thereof. We are of opinion, the warrant, as a summons to appear and defend himself, afforded to the defendant, Rice, the notice that is usual in proceedings before justices, where no technicality of description is required of what the defendant is charged with, nor could the plaintiff, Kirby, recover on evidence, establishing a different cause of action; and for the reasons given in the previous cause on the docket, of Kirby against Lee, (a) the judgment must be reversed, and the cause remanded for a trial on the minutes-
*444 In this cause, that of the same plaintiff, against Lee, the appeal in error to this court, was prosecuted by Kirby, as a pauper. And it is insisted the pauper acts do not extend to penal actions. The penalty sued for in each of these actions, is given only to the party injured}, a right vested in Kirby to sue and recover on the commission of the offence; and no reason exists, why those afflicted with poverty, should be deprived of a legal remedy, because of that poverty, to compel millers to grind their bread stuffs, and to prevent cheats by fraudulent toll-dishes. Such practices are peculiarly oppressive upon those to whom bread is a main object in life, and it is of much more importance to them to enforce the law, than to those having plenty. The penalty is just as much a debt due, as any other consideration. How it would be-in a case wherejthe right to recover, rests on the bringing of the suit, and where, any person might sue for the penalty, it is not necessary to enquire.
Judgment reversed.

 Reported page 439.